UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22-cv-62292-LEIBOWITZ/STRAUSS

**ACCLERANT SPECIALTY INSURANCE COMPANY**,

    *Plaintiff*,

v.

**RADFORD KLOTZ and
J. TAYLOR KLOTZ**,

    *Defendants.*

_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

THIS MATTER was referred to United States Magistrate Judge Jared M. Strauss for a Report and Recommendation on Plaintiff Accelerant Specialty Insurance Company's ("Plaintiff" or "Accelerant") Motion for Summary Judgment ("Accelerant's Motion") [ECF No. 34]. [ECF No. 54]. Judge Strauss has issued his Report and Recommendation (the "R&R"), recommending that the Court grant Accelerant's Motion [ECF No. 24]. [ECF No. 66]. Accelerant submitted a conditional objection to the R&R to preserve the alternate grounds for relief raised in Accelerant's Motion.[1] [ECF No. 70]. Defendant Radford Klotz ("Defendant" or "Mr. Klotz") submitted objections to the R&R [ECF No. 71], and Accelerant submitted a response to Mr. Klotz's objections [ECF No. 75]. After careful review

---

[1]     Mr. Klotz noted in his objections [ECF No. 71 n.3] that "[b]ecause the R&R expressly declined to reach the issue of whether Mr. Klotz violated the Policy's survey compliance warranty, Mr. Klotz does not respond to Plaintiff's Conditional Objection to Report and Recommendations on its Motion for Summary Judgment [ECF 70] and reserves the right to do so in the event this issue is addressed in a subsequent report and recommendations or by this Court."

of the filings, the applicable law, and the record, the Court adopts the R&R [ECF No. 66] in its entirety and writes below to expand upon its reasoning.

## LEGAL STANDARDS

**Adoption of a Report and Recommendation:** "In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (cleaned up). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783–84 (cleaned up). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Id.* at 784 (cleaned up). The Court has reviewed *de novo* Accelerant and Mr. Klotz's objections to the R&R and, for the reasons stated below, the Court finds the resolution of the issues as recommended by Judge Strauss to be sound and well-reasoned. The Court therefore adopts the R&R in its entirety and incorporates its findings herein.

**Summary Judgment:** A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment "bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Those materials may include, "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those

made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark*, 929 F.2d at 608.

If the moving party meets its burden, the non-moving party is then required "to go beyond the pleadings" and present competent evidence "showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotations omitted). Generally, "[t]he mere existence of a scintilla of evidence" supporting the non-movant's case is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). If, in response, the non-moving party does not sufficiently support an essential element of his case as to which he bears the burden of proof, summary judgment is appropriate. *Rice-Lamar v. City of Ft. Lauderdale, Fla.*, 232 F.3d 836, 840 (11th Cir. 2000). A fact is "material" for these purposes if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute of fact is "genuine" if, "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 242. "In determining whether genuine issues of material fact exist, [the reviewing court] resolve[s] all ambiguities and draw[s] all justifiable inferences in favor of the non-moving party." *Rice-Lamar*, 232 F.3d at 840 (citing *Anderson*, 477 U.S. at 255). However, when the record "taken as a whole" could not support a reasonable finding for the non-movant, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Relatedly, and importantly in this case, Rule 56 and the Local Rules of the Southern District of Florida set forth important requirements for parties to provide evidentiary support for assertions, controverting evidence to dispute assertions, and responses to an opponent's additional facts—with consequences for failing to do so. *See* Fed. R. Civ. P. 56(c), (e); S.D. Fla. L.R. 56.1(c)–(d) (explaining effects and consequences of failing to support or controvert material facts).

## DISCUSSION

The Court has reviewed *de novo* Accelerant and Mr. Klotz's objections to the R&R and will overrule both parties' objections; however, the Court will expand on its reasoning for overruling the objections.

**1. Mr. Klotz's Objections**

Mr. Klotz's first objection is that the R&R ignores the application of New York Insurance Law § 3106 ("NYIL § 3106"). [ECF No. 71 at 1]. NYIL § 3106(b) provides that "[a] breach of warranty shall not avoid an insurance contract or defeat recovery thereunder unless such breach materially increases the risk of loss, damage or injury within the coverage of the contract." Mr. Klotz argues that there is an exception to this general rule under NYIL § 3106(c) and that it only applies to "marine insurance related to perils of navigation, transit, or transportation." [*Id.* at 3]. Mr. Klotz further argues that because Lucey Blue was not engaged in navigation, transit, or transportation at the time of the fire, the exception under NYIL § 3106(c) does not apply, and Plaintiff therefore must establish that any alleged breaches were material. [*Id.*]. Mr. Klotz made the same argument in his Response in Opposition to Accelerant's Motion [ECF No. 43 at 9–10], which Magistrate Judge Strauss already considered, so Mr. Klotz may not reargue it in its objections. *See Marlite, Inc. v. Eckenrod*, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2021) ("It is improper for an objecting party to … submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). Therefore, the Court overrules Mr. Klotz's first objection to the R&R.

Mr. Klotz's second objection is that he clarified his position regarding whether Lucey Blue was fitted with fire extinguishing equipment in his response to Plaintiff's First Request for Admissions

to Defendants. [ECF No. 71 at 4]. Magistrate Judge Strauss determined that in his Answer, Defendant admitted that the vessel was fitted with fire extinguishing equipment at the time of the loss. [ECF No. 66 at 5]. Upon review of the Answer, the Court agrees. [*See* ECF No. 1 ¶ 24; ECF No. 10 ¶ 24]. Defendant is bound by that admission. *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1177 (11th Cir. 2009) (quoting *Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 621 (11th Cir. 1983)) (alterations adopted) ("The general rule is that a party is bound by the admissions in his pleadings."). To the extent that Mr. Klotz seeks leave to amend his Answer to clarify that he denies the Vessel was fitted with fire extinguishing equipment, that request is denied. The deadline to amend pleadings in this case was July 31, 2023. [ECF No. 16 at 1]. A party "seeking leave to amend … after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R. Civ. P. 16(b)." *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009). "This good cause standard precludes modification unless the schedule[d] [deadline] cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Defendant's failure to seek leave to amend his Answer until the Magistrate Judge's R&R on summary judgment a year after the deadline does not demonstrate good cause. Furthermore, to the extent that Mr. Klotz argues that in his response to Plaintiff's First Request for Admissions to Defendants, he made clear that he did not admit that the vessel was fitted with fire extinguishing equipment, the Court disagrees. Even with that alleged clarification, the Court does not see how it would reach a contrary decision to the one by Magistrate Judge Strauss. Thus, Mr. Klotz's request to amend his Answer is denied, and this objection is overruled.

   2. **Accelerant's Conditional Objection**

Because the Court is adopting the R&R in its entirety, the Court need not address Accelerant's Conditional Objection.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED as follows:**

1. Magistrate Judge Strauss' Report and Recommendation [**ECF No. 66**] is **AFFIRMED AND ADOPTED in its entirety**.

2. Accelerant's Conditional Objection to the R&R [**ECF No. 70**] is **OVERRULED**.

3. Radford Klotz's Objections to the R&R [**ECF No. 71**] are **OVERRULED**.

4. Accelerant's Motion for Summary Judgment [**ECF No. 34**] is **GRANTED**.

5. The Clerk of Court is directed to **CLOSE** this case. All pending deadlines are **TERMINATED**, and any pending motions are **DENIED** as moot.

**DONE AND ORDERED** in the Southern District of Florida on October 18, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:    counsel of record